UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF LOUISIANA

|  |  |  |
|---|---|---|
| **AMY SANFORD,** | ) | Civil Action No.: |
| Plaintiff**,** | ) | |
| **v.** | ) | |
| **BLUESTEM BRANDS, INC. d/b/a FINGERHUT,** | ) | |
| Defendant. | ) | |

**COMPLAINT AND DEMAND FOR JURY TRIAL**

Plaintiff, AMY SANFORD ("Plaintiff"), by and through her attorneys, Scott, Vicknair, Hair & Checki, LLC and Kimmel & Silverman, P.C., alleges the following against BLUESTEM BRANDS, INC. d/b/a FINGERHUT ("Defendant"):

**INTRODUCTION**

1. Plaintiff's Complaint is based on the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq*. ("TCPA").

**JURISDICTION AND VENUE**

2. This Court's jurisdiction arises under 28 U.S.C. § 1331, which grants this Court original jurisdiction of all civil actions arising under the laws of the United

States.  See Mims v. Arrow Fin. Services, LLC, 132 S. Ct. 740, 747, 181 L. Ed. 2d 881 (2012).

3. Defendant conducts business in the State of Louisiana therefore personal jurisdiction is established.

4. Venue is proper pursuant to 28 U.S.C. § 1391(b)(2).

## PARTIES

5. Plaintiff is a natural person residing in Baton Rouge, Louisiana.

6. Plaintiff is a "person" as that term is defined by 47 U.S.C. § 153(39).

7. Defendant is a company with its principal place of business located at 7075 Flying Cloud Drive, Eden Prairie, Minnesota 55344.

8. Defendant is a "person" as that term is defined by 47 U.S.C. § 153(39).

9. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## FACTUAL ALLEGATIONS

10. Plaintiff has a cellular telephone number.

11. Plaintiff has only used this number as a cellular telephone number.

12. Beginning in or before June 2016 and continuing through May 2017, Defendant called Plaintiff's cellular telephone number repeatedly.

13. Defendant called Plaintiff from telephone numbers including, but not limited to, 866-625-7191 and 844-761-0813. The undersigned has confirmed that these numbers belong to Defendant.

14. When contacting Plaintiff on her cellular telephone, Defendant used an automatic telephone dialing system and/or pre-recorded or artificial voice.

15. Plaintiff knew Defendant was using an automatic telephone dialing system and/or pre-recorded or artificial voice as calls would begin with a recorded voice on the line before a live representative would come on the phone.

16. Defendant's calls were not for emergency purposes.

17. In June 2016 or July 2016, shortly after calls started, Plaintiff first told the Defendant to stop calling her.

18. After Plaintiff revoked consent, continued calls served no lawful purpose and could only have been made for the purpose of harassing Plaintiff.

19. However, Defendant ignored Plaintiff's request to stop calling and continued to call her repeatedly through around May 2017.

20. Plaintiff found Defendant's repeated calls to be frustrating, annoying, harassing, invasive, and upsetting.

21. Upon information and belief, Defendant conducts business in a manner which violates the Telephone Consumer Protection Act.

## COUNT I
## DEFENDANT VIOLATED THE TCPA

22. Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

23. Defendant initiated automated calls to Plaintiff using an automatic telephone dialing system and/or artificial or pre-recorded voice.

24. Defendant's calls to Plaintiff were not made for "emergency purposes."

25. After Defendant was told to stop calling, Defendant knew or should have known it did not have consent to call and/or that any consent it thought it had was revoked.

26. The acts and/or omissions of Defendant were done unfairly, unlawfully, intentionally, deceptively, fraudulently, and absent bona fide error, lawful right, legal defense, legal justification, or legal excuse.

27. As a result of the above violations of the TCPA, Plaintiff has suffered the losses and damages as set forth above entitling Plaintiff to an award of statutory, actual, and treble damages.

WHEREFORE, Plaintiff, AMY SANFORD respectfully prays for judgment as follows:

   a. All actual damages suffered pursuant to 47 U.S.C. § 227(b)(3)(A);

b. Statutory damages of $500.00 per violative telephone call pursuant to 47 U.S.C. § 227(b)(3)(B);

c. Treble damages of $1,500.00 per violative telephone call pursuant to 47 U.S.C. § 227(b)(3);

d. Injunctive relief pursuant to 47 U.S.C. § 227(b)(3);

e. Any other relief deemed appropriate by this Honorable Court.

## DEMAND FOR JURY TRIAL

PLEASE TAKE NOTICE that Plaintiff AMY SANFORD, demands a jury trial in this case.

Dated:  February 2, 2018          Respectfully submitted,

By: /s/ Samuel J. Ford
Samuel J. Ford, Esq.
Scott, Vicknair, Hair & Checki, LLC
909 Poydras Street, Suite 1100
New Orleans, LA 70112
Tel: 504-684-5200
Fax: 504-613-6351
Email: ford@svhclaw.com